UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DONNA M. REECE
as personal representative of the
Estate of Amos Reece, deceased                                                              PLAINTIFF

v.                                            No. 5:20-CV-05122

OFFICER HALE, et al.                                                                       DEFENDANTS

## OPINION AND ORDER

Before the Court is Separate Defendant Shawna Stephens's motion (Doc. 44) and brief in support (Doc. 45) to exclude the expert testimony of Dr. Barry Gustin, M.D.. Plaintiff filed a response (Doc. 48) and brief in opposition (Doc. 49). The motion will be DENIED.

Federal Rules of Evidence 702 and 703 govern the admissibility of expert testimony. Rule 702 provides

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

"The trial judge has the gatekeeping responsibility to ensure that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Mahaska Bottling Co., Inc. v. PepsiCo, Inc.*, 441 F. Supp. 3d 745, 749 (S.D. Iowa 2019) (internal quotations and alterations omitted) (citing *Allen v. Brown Clinic, P.L.L.P.*, 531 F.3d 568, 573 (8th Cir. 2008)). To be admissible, an expert's testimony "must be reliable or trustworthy in an evidentiary sense, so that, if the finder of fact accepts it as true, it provides the assistance the finder of fact requires." *Johnson v. Mead Johnson & Co., LLC*, 754 F.3d 557, 561 (8th Cir. 2014) (quoting *Polski v. Quigley Corp.*, 538 F.3d

1

836, 839 (8th Cir. 2008)).

"The primary concern of Rule 702 is the underlying principles and methodology utilized by the expert, rather than the expert's conclusions." *Thomas v. FCA US LLC*, 242 F. Supp. 3d 819, 823 (8th Cir. 2017) (citing *Kuhn v. Wyeth, Inc.*, 686 F.3d 618, 625 (8th Cir. 2012)). The Court looks at "(1) whether the theory or technique can be tested, (2) whether the theory or technique has been subject to peer review and publication, (3) the known or potential rate of error, and (4) whether it is accepted in the relevant discipline." *Kuhn*, 686 F.3d at 625. "The exclusion of an expert's opinion is proper only if it is so fundamentally unsupported that it can offer no assistance to the jury." *Wood v. Minn. Mining & Mfg. Co.*, 112 F.3d 306, 309 (8th Cir. 1997) (internal quotations omitted).

Here, there is no dispute that Dr. Gustin is qualified to render an expert opinion. Dr. Gustin is board-certified in emergency medicine, has published peer-review articles, and has practiced emergency medicine since 1984. Defendant instead argues Dr. Gustin's testimony should be excluded because Dr. Gustin's opinion is not based on reliable facts or data, is not helpful to a jury, is contradictory, and is purely based on hypotheses. Generally, the 'factual basis of an expert opinion goes to credibility of the testimony, not admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination.'" *David E. Watson, P.C. v. United States*, 668 F.3d 1008, 1014 (8th Cir. 2012) (quoting *Neb. Plastics Inc. v. Holland Colors Ams., Inc.*, 408 F.3d 410, 416 (8th Cir. 2005)). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Thomas*, 242 F. Supp. 3d at 824 (citation omitted). The Court finds at this gate-keeping stage Dr. Gustin's opinion is adequately reliable and relevant to be introduced at trial, and Defendant can attack Dr. Gustin's application of the facts and

methodology through cross examination.  *See id.* (explaining cross-examination is an appropriate way of attacking "shaky" evidence).

IT IS THEREFORE ORDERED that Separate Defendant Shawna Stephens's motion (Doc. 44) is DENIED.  Defendant may renew the motion arguing Dr. Gustin has not reliably applied the principles and methods to the facts of the case under Rule 702(d) of the Federal Rules of Evidence at trial.

IT IS SO ORDERED this 2nd day of December, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE